RICHARD WILLIAM STEINER, Plaintiff-Appellant, v. BRIAN MARR *et al.*, Defendants-Appellees.

Second District   No. 2—87—1015

Opinion filed June 23, 1988.

Pollina & Phelan, of Northbrook (Leonard P. Basak, of counsel), for appellant.

Joel S. Massel, of Brenner, Mavrias, Dorn & Alm, of Chicago (Bruce Farrel Dorn, of counsel), for appellee Brian Marr.

Michael E. Maher, of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Waukegan (Glen E. Amundsen, of counsel), for appellee John Vann.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Richard William Steiner, brought an action to recover damages for personal injuries he sustained when the pickup truck in which he and defendants, Brian Marr and John Vann, were passengers went off a road and struck a fallen tree. The driver of the truck, John Schiera, is not a defendant in this case. Both defendants filed motions for summary judgment, which were granted by the trial court. Plaintiff appeals.

The sole issue raised on appeal is whether the trial court erred in granting the motions for summary judgment. We affirm.

On January 23, 1984, after visiting several eating and drinking establishments, Schiera, plaintiff, and both defendants were proceeding north on Portwine Road in Lake County in Schiera's 1972 Ford pickup truck. The weather was cold, and although the road had been plowed, snow was blowing across the road, and the solid white lines on the sides of the road were not visible. According to Schiera, there was an ice glaze on some spots on the road due to the snow that had melted during the day. Because the truck had only a front seat, the four men sat shoulder to shoulder in the truck. Schiera was driving, the defendants were in the middle, and plaintiff was seated up against the passenger door, holding himself up with his hand against the dashboard.

Just prior to the accident, plaintiff warned Schiera to move the truck to the center of the highway because it was too close to the right shoulder. The truck began to fishtail, went off the road, and struck a fallen tree. Plaintiff was pinned in the truck and suffered a complete spinal cord injury.

Plaintiff contends that summary judgment should not have been granted in this case because there exist questions of fact as to whether the defendants' positions in the truck interfered with Schiera's ability to control the truck and as to whether the crowded conditions in the truck which necessitated plaintiff sitting in a cramped position caused plaintiff's injuries.

■■■ Summary judgment is proper where the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is not a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (*Wysocki v. Bedrosian* (1984), 124 Ill. App. 3d 158, 164; Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) Summary judgment is a drastic measure and should not be granted unless the evidence, when construed most strongly against the moving party, establishes that the movant clearly and without doubt has a right to such relief. (*Schwaner v. Belvidere Medical Building Partnership* (1987), 155 Ill. App. 3d 976, 983.) Where the facts could lead a fair-minded person to draw more than one conclusion or inference, summary judgment must be denied. (*Burns v. Grezeka* (1987), 155 Ill. App. 3d 294, 297.) However, where the pleadings, depositions, and other evidence before the court in a motion for summary judgment show that at. trial a verdict would have to be directed, entry of summary judgment is proper. *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 816-17.

In his complaint, plaintiff alleged that defendants violated section 11—1406(b) of the Illinois Vehicle Code, which provides as follows:

> "(b) No passenger in a vehicle or streetcar shall ride in such position as to interfere with the driver's or motorman's view ahead or to the sides, or to interfere with his control over the driving mechanism of the vehicle or streetcar. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—1406(b).)

Plaintiff further alleged that as a direct and proximate result of the defendants' violation of section 11—1406(b), there was interference with the control of the driving mechanism or steering wheel of the truck in which plaintiff was riding.

■■ To prevail in a cause of action sounding in negligence, a plaintiff must establish that the defendant owed plaintiff a duty; that the defendant failed to perform such a duty; and that an injury proximately resulted from a breach of that duty. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374.) Plaintiff and defendants here rely on certain portions of Schiera's deposition to support their varying positions. In order to achieve a complete understanding of Schiera's testimony as it

relates to the critical issue here, we have set that portion of his deposition out *in toto* as follows:

"Q. (By Mr. Dorn, defendant Marr's attorney) Immediately before your truck left the road, did the presence of any of the people, any of the passengers either individually or collectively impede or impair your ability to control the truck?

A. Well, I mean it wasn't like it was comfortable driving, okay. I mean there were four people in the cab. It wasn't like it was totally—it wasn't like I was driving under normal conditions.

I mean there was, you know, that added crowdedness, and the wheel, instead of being directly in front of me, was over to the right a little bit.

Q. In other words you were all the way—

A. I was—

Q. —over to the door?

A. Right.

Q. And the steering wheel, rather than being dead center was a little to your right?

A. To my right.

Q. That really doesn't answer my question.

Could you read the question back? (Whereupon the Reporter read back the requested portion of the record)

THE WITNESS: Well, I wouldn't say individually, but collectively.

MR. DORN: In what way?

A. Well, if there was only one person in there I might have been able to drive the truck a little more comfortably, I guess is the word.

Q. Aside from the question of comfort, which is not what I'm asking you—

A. As far as what?

Q. —were you able to keep the truck—

MR. BASAK (plaintiff's attorney): You mean correcting the skid or whatever?

MR. DORN: I'm not at that point yet. I'm talking immediately before the truck left the road did you have any problems in controlling the direction of your vehicle?

THE WITNESS: A. Of the truck? I have to say no but I—it's—

Q. Did the presence of any of the people in the front seat obstruct or impair your ability to turn the wheel or take eva-

sive action—let me finish—as you felt the truck leave the roadway?

A. Well, you know, I imagine when I turned the wheel to the left the people in the truck—you know, yes, they may have.

I mean it was all instantaneous.

Q. I'm not asking you to guess and you're not here to speculate.

I want you to tell me what you know. If you don't know, that's your answer, but I don't want your guesses or your speculation.

A. I didn't have time to think about them if they were in the way or not.

Q. So your answer is you don't know?

A. I don't know.

MR. BASAK: I'm going to object. Now you're answering for him. He said yes, they may have.

MR. DORN: Do you want to go back and read the question and then everything that follows? (Whereupon the Reporter read back the requested portion of the record.)

MR. DORN: You don't know if any of the—

THE WITNESS: I—

Q. Let me finish.

You don't know if the presence of any of the people in the front seat impaired your ability to take evasive action or obstruct your means of doing so?

A. I don't know. I wasn't really—I was worried about the matters at hand."

In *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, plaintiff filed suit for injuries she received when she fell on a ramp leaving the defendant's store. In her deposition, plaintiff testified that there appeared to be grease spots on the ramp where she fell, but she stated that she had no idea why she fell. In response to defendant's motion for summary judgment, she filed no affidavits but contended in her response to the motion that an independent witness might be called to support her allegations as to the defective condition. In affirming the trial court's granting of the motion for summary judgment, the appellate court stated as follows:

"Liability cannot be predicated on surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is reasonable certainty that defendant's acts caused the injury. [Citations.] No liability can exist unless the defendant's negligence is the legal cause of the plaintiff's injury and if

the plaintiff fails to establish the element of proximate cause, she has not sustained her burden of making a *prima facie* case and a directed verdict is proper." *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 817.

See also *Monaghan v. DiPaulo Construction Co.* (1986), 140 Ill. App. 3d 921.

■ A plaintiff must prove that some condition caused the accident and that this condition was caused by the defendant. It is unnecessary for a defendant to establish that there was no defective condition where the plaintiff cannot prove any causal connection between such condition and the accident. See *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813.

■ After reviewing the record before us, we are of the opinion that plaintiff has failed to show any evidence that the overcrowding of the front seat of the truck caused the accident or contributed to his injuries. Plaintiff relies heavily on the deposition testimony of the defendants and especially that of John Schiera. However, while plaintiff asserts that Schiera testified that the passengers in the truck collectively impeded or impaired his ability to control the truck, the sections of Schiera's deposition which we have set forth above contradict that assertion. While Schiera testified that he might have been more comfortable with less people in the front seat of the truck, he first denied that there was any interference with his driving ability and then finally stated that he did not know if there was because he was concentrating on the immediate problem. In his deposition defendant Brian Marr was questioned as to a statement he made earlier to the effect that Schiera's movement of the steering wheel was somewhat restricted because of all of the people in the front seat. However, Marr categorized his answer as a guess. He also stated that everything had happened so fast, and he was mainly concerned with bracing himself. Although earlier he had adjusted his seat to allow Schiera more room, this was for reasons of courtesy, not because Schiera was having difficulty with the steering wheel. In his deposition, defendant John Vann was also questioned as to a prior statement he made to the effect that if Schiera had had more room, he would have had a much better chance to do something. Vann described his statement as an opinion. Moreover, in his deposition, the following took place:

"Q. Based upon what you have observed, did it appear to be crowded to the point where John Schiera would have some difficulty moving the vehicle, moving the wheel sharply to straighten out his truck?

\* \* \*

A. He would have never had the chance to.

MR. BASAK: Okay why do you say that?

A. The accident happened far too fast."

Finally, plaintiff himself testified on deposition that as he felt the truck going out of control, he did not see what the driver was doing. Therefore, we agree with the defendants that plaintiff's contention that either or both of the defendants interfered with Schiera's ability to control the truck is based upon mere conjecture and speculation, which cannot be the basis for relief. See *Monaghan v. DiPaulo Construction Co.* (1986), 140 Ill. App. 3d 921.

██ Plaintiff concedes his own negligence in occupying the front seat of the truck in spite of the number of people. However, he contends, without citation to authority, that the defendants must also bear some responsibility for their alleged negligent actions. Inasmuch as plaintiff has not supported this contention with citations to relevant authority in violation of Supreme Court Rule 341(e)(7), the contention is waived. See *Flynn v. Vancil* (1968), 41 Ill. 2d 236; 113 Ill. 2d R. 341(e)(7).

There being no issue of material fact, the motions for summary judgment were correctly granted.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

NASH and REINHARD, JJ., concur.